UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LAURENCE GREGORY,

                Plaintiff,

     -against-

FRANCIS D. RICIGLIANO,

                Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-4372 (NGG) (WDW)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Laurence Gregory brings this action against Defendant Judge Francis D. Ricigliano ("Judge Ricigliano") seeking declaratory and injunctive relief pursuant to Judge Ricigliano's alleged violations of 42 U.S.C. §§ 1983, 1985, and 1992 and the United States Constitution. (Compl. (Dkt. 1) ¶¶ 1-2, 15.) In a prior criminal proceeding, Gregory was a defendant facing various charges in a state criminal action for which Judge Ricigliano was the presiding judge.[1] Gregory eventually pleaded guilty, was sentenced, and served time in prison. However, during the intervening pre-trial period, Gregory filed this action. Judge Ricigliano has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint for lack of subject matter jurisdiction. (Def. Mot. to Dismiss (Dkt. 26-2) at 1.) For the reasons explained below, the court concludes that it does not have jurisdiction over Gregory's Complaint, and Judge Ricigliano's motion to dismiss the Complaint is GRANTED.

---

[1] In the state criminal proceeding at issue in this present matter, Gregory was the defendant and Judge Ricigliano was the presiding judge. During the course of pre-trial hearings, Gregory filed this federal action against Judge Ricigliano. Thus, Gregory—the Defendant in the state criminal proceedings—is the Plaintiff in this matter, and Judge Ricigliano is the Defendant. Accordingly, for greater clarity in discussing the parties, the court will herein refer to the Plaintiff in this action as Gregory and the Defendant in this action as Judge Ricigliano.



I.  **BACKGROUND**

A.  **Facts**

1.  <u>Alleged Criminal Activity</u>

On July 23, 2010,[2] at 9:30 p.m., Gregory violated an order of protection by speaking to the brother of the protected party, Wadiya Blaylock ("Blaylock"), and requesting that he ask Blaylock to not appear in county court. (Proceedings (Dkt. 26-1) at 7-8.) As a result, on November 5, 2010, Gregory was charged with violating the order of protection. (Compl. ¶ 7.)

2.  <u>The Commencement of State Criminal Proceedings</u>

Gregory was arraigned on January 8, 2011, on one count of Criminal Contempt in the Second Degree.[3] (<u>Id.</u>); N.Y. Penal Law § 215.50. The case was assigned to Nassau County District Court Judge Francis D. Ricigliano, the Defendant in this action. (Compl. ¶¶ 5-6.) Gregory was appointed counsel, pleaded not guilty, and demanded a speedy trial. (<u>Id.</u> ¶ 7.)

3.  <u>The Adjournments and Gregory's Motion to Dismiss the State Court Indictment</u>

At each of Gregory's first three appearances, on January 8, 11, and 25 of 2011, Gregory's appointed counsel asked the court for adjournments and exclusions of speedy trial time, allegedly against Gregory's wishes. (<u>Id.</u>) Judge Ricigliano granted those requests, thereby stopping the speedy trial clock. (<u>Id.</u>) Following the appearance on January 25, 2011, Gregory fired his appointed counsel and Peter Levy ("Levy") was appointed new counsel. (<u>Id.</u> ¶ 14.)

At Gregory's fourth appearance, on March 15, 2011, the assistant district attorney, Rachel Grinspan informed Judge Ricigliano that the prosecution was ready for trial and the

---

[2] The transcript of the proceeding incorrectly records that the incident in question occurred on July 23, 2011, rather than July 23, 2010. (Def. Mot. to Dismiss, Ex. G at 7.)

[3] Gregory also faced charges under a different docket, 2011BA021467, for violating N.Y. Penal Law §§ 215.50(3) and 215.10-a. (Def. Mot. to Dismiss, Ex. G (Dkt. 26-1) at 4.) Those charges were later dismissed as part of Gregory's plea agreement. (<u>Id.</u> at 4-8.)

2

complaining witness was in the courthouse and prepared to testify. (Id. ¶ 8.) Gregory alleges that the district attorney's statements were false and that the prosecution was not in fact ready for trial. (Id.) Judge Ricigliano then asked Levy if Gregory was ready to proceed to trial. (Id. ¶ 9.) Gregory alleges that although he verbally instructed Levy not to request any adjournments and that Levy had no consent or permission to do so, Levy nevertheless requested an adjournment, which Judge Ricigliano granted. (Id. ¶¶ 9-11.) Gregory subsequently fired Levy. (Id. ¶¶ 10, 15.)

At Gregory's fifth appearance, on May 2, 2011, the assistant district attorney requested an adjournment, which Judge Ricigliano granted. (Id. ¶ 12; Def. Motion to Dismiss, Ex. B, at 1.) Eleven days later, on May 13, 2011, the assistant district attorney filed a certificate of readiness representing that the prosecution was ready for trial. (Compl. ¶ 13.) Gregory claims this representation was also false. (Id.)

At Gregory's sixth appearance, on June 13, 2011, the district attorney again requested an adjournment, which Judge Ricigliano granted. (Compl. ¶ 13; Def. Motion to Dismiss, Ex. B at 1.) During that same appearance, Judge Ricigliano also held a hearing to determine whether Gregory's waiver of counsel was knowing and intelligent as required by Faretta v. California, 422 U.S. 806 (1975). (Compl. ¶ 5; Def. Mot. to Dismiss, Ex. A at 3-15.) At the conclusion of the hearing, Judge Ricigliano found Gregory's waiver was knowing and intelligent and permitted Gregory to represent himself in subsequent proceedings. (Compl. ¶ 5; Def. Mot. to Dismiss, Ex. A at 15.)

At Gregory's seventh appearance, on July 26, 2011, Gregory, now representing himself, moved to dismiss the indictment under New York's speedy trial law, which requires the

3

prosecution to be ready for trial within ninety days in a misdemeanor case. See N.Y. Crim. Proc. Law § 30.30(1)(b). Judge Ricigliano denied the motion. (Compl. ¶ 15.)

### 4. The Pretrial Incident and the Court-Ordered Competency Examination

During pretrial proceedings, Gregory repeatedly interrupted Judge Ricigliano, stated that he would "not participate in [the proceedings]," challenged the court's jurisdiction on the grounds that "[t]here hasn't been a Constitution since 1933" and that "[t]here is no golden civil pact," asked what law the court was using, claimed that "[a]ll crime is commercial," asked who Judge Ricigliano was and for his name and nationality, and demanded that Judge Ricigliano "put [his] status on the line." (Id. at 3-5, 11-12.) Judge Ricigliano ordered Gregory remanded to the custody of a state hospital so that state psychiatrists could examine him to determine whether he was competent to stand trial, pursuant to N.Y. Crim. Proc. Law §§ 730.20-30.[4] (Id. 12-13.)

Gregory refused to talk to the state psychiatric examiners, instead purporting to invoke his Fifth Amendment right to not incriminate himself.[5] (Def. Mot. to Dismiss, Ex. C at 2-3.)

At his next two appearances on July 25 and 27 of 2012, both of which were before Judge Valerie Alexander because Judge Ricigliano was unavailable, Gregory stated he would not cooperate with the state psychiatrists. (Id. at 5-6; Def. Mot. to Dismiss, Ex. D at 2.) Gregory again asserted that the court did not have jurisdiction and advanced several bizarre arguments, including that the information from any psychiatric evaluation would be Gregory's own "private

---

[4] Under New York State law, if at "any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint . . . the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person." N.Y. Crim. Proc. Law § 730.30(1).

[5] Under New York State law, Plaintiff's statements to the psychiatrists could not have been introduced into evidence at his criminal trial. See N.Y. Crim. Proc. Law § 730.20(6) ("When a defendant is subjected to examination pursuant to an order issued by a criminal court in accordance with this article, any statement made by him for the purpose of the examination or treatment shall be inadmissible in evidence against him in any criminal action on any issue other than that of his mental condition . . . .").

4

property" that could not be taken "without just compensation," that Judge Alexander "took an oath under the Constitution to pay all debts with gold and silver," and that "[t]his is an admiralty court." (Def. Mot. to Dismiss, Ex. C at 3, 6; Def. Mot. to Dismiss, Ex. D at 2.) On both dates, the court adjourned the case and remanded Gregory to the custody of a state hospital for psychiatric examination. (Def. Mot. to Dismiss, Ex. C at 6-7; Def. Mot. to Dismiss, Ex. D at 2-3.) Gregory continued to refuse to speak to the state psychiatrists. (Def. Mot. to Dismiss, Ex. D at 2-3 at 2; Def. Mot. to Dismiss, Ex. E at 2.)

On August 13, 2012, Gregory returned for an appearance before Judge Ricigliano. (Def. Mot. to Dismiss, Ex. E at 2.) Judge Ricigliano noted that Gregory had not yet cooperated with the psychiatrists and requested that Gregory do so. (Id.) Gregory refused, again invoking the Fifth Amendment. (Id.) Judge Ricigliano adjourned the case and remanded Gregory to the custody of a state hospital for psychiatric examination. (Id.)

5. The Commencement of this Action

Gregory filed this federal action on August 30, 2012, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1992 and the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments of the United States Constitution. (Compl. ¶¶ 1-2.)

Read in a light most favorable to Gregory, the complaint claims that: (1) Judge Ricigliano's denial of Gregory's motion to dismiss the indictment on speedy trial grounds violated his right to a speedy trial under the Sixth Amendment and N.Y. Crim. Pro. Law § 30.30(1)(b); and (2) Judge Ricigliano's order that Gregory be detained pending psychiatric examination to determine whether he was mentally fit to stand trial violated his Eighth Amendment right against excessive bail. (Compl. ¶¶ 4-6, 15-16.)

5

The complaint seeks declaratory and injunctive relief and asks the court to order Judge Ricigliano to set bail in Gregory's criminal cases, to stay Judge Ricigliano's orders pending completion of this action, and to impeach Judge Ricigliano.[6] (Id. at 15.)

### 6. Post-Filing Events: Guilty Plea and Sentence

After filing his Complaint, Gregory again appeared before Judge Ricigliano in the state criminal proceeding on September 11, 2012. (Def. Mot. to Dismiss, Ex. F at 2.) Judge Ricigliano noted that Gregory had an appointment scheduled with the state psychiatrists the following day, September 12, 2012. (Id.) Gregory stated that he was refusing and would continue to refuse psychiatric treatment. (Id.) Judge Ricigliano requested that Gregory cooperate with the state psychiatrists and adjourned the case for thirty days. (Id.)

On October 9, 2012, Gregory again appeared before Judge Ricigliano. (Def. Mot. to Dismiss, Ex. G at 1.) Judge Ricigliano noted Gregory's persistent refusal to be examined by the state psychiatrists. (Id. at 2.) Judge Ricigliano then proceeded to find Gregory competent to stand trial, stating:

> I've had ample time to observe the defendant's actions and tactics in this case and to assess the situation in view of his prior responses to my questioning concerning his ability to represent himself as well as the statements he made on the record concerning the jurisdiction of this Court. I am going to proceed to trial in connection with this case because I find that his actions do not evidence mental incompetency but rather manipulation.

(Id. at 2-3.)

Gregory subsequently pleaded guilty, on October 9, 2012, to one count of second-degree criminal contempt under N.Y. Penal Law § 215.50(3).[7] (Id. at 3-5.) Pursuant to the plea

---

[6] Plaintiff filed a similar action in 2007 against the presiding Nassau County District Court judge, Judge Sondra K. Pardes, following his conviction for misdemeanor marijuana possession. This court dismissed Plaintiff's claims. See Gregory v. Pardes, No. 07-CV-1542 (NGG), 2008 WL 936722 (E.D.N.Y. Apr. 7, 2008).

agreement, the prosecution dismissed another count of second-degree criminal contempt and one count of fourth-degree witness tampering, both of which were pending against Gregory in a related matter. (Id.) Gregory waived his right to appeal both his conviction and sentence. (Id. at 4-5.)

Judge Ricigliano accepted Gregory's guilty plea, sentenced him to six months of incarceration, and imposed a five-year protection order on behalf of the victim, Blaylock. (Id. at 5-9.) Taking into account time served, Gregory was released the same day, on October 9, 2012. (New York Victim Identification and Notification Everyday Link ("Vine") (Dkt. 26-1) at 1.)

## B. Procedure

On September 28, 2012, Judge Ricigliano was granted leave to file a motion to dismiss, with his motion to be served by October 31, 2012; Gregory's opposition to be served by November 30, 2012; and Judge Ricigliano's reply, if any, by December 10, 2012, and all papers filed on that day. (Sept. 28, 2012, Order (Dkt. 4).)

Gregory subsequently requested four extensions of time to answer Judge Ricigliano's motion to dismiss, all of which were granted by the court. (Dec. 21, 2012, Order (Dkt. 16); Jan. 22, 2013, Order (Dkt. 18); Mar. 6, 2013, Order (Dkt. 23); Apr. 3, 2013, Order (Dkt. 25).) The court granted these four requests for extensions of time in an abundance of deference to Gregory's pro se status. The fourth and final extended deadline for Gregory to serve his response upon Judge Ricigliano was May 2, 2013, and Judge Ricigliano was instructed to electronically file the fully briefed motion with the court by May 16, 2013. (Apr. 3, 2013, Order.)

---

[7] "A person is guilty of criminal contempt in the second degree when he engages in . . . [i]ntentional disobedience or resistance to the lawful process or other mandate of a court. Criminal contempt in the second degree is a class A misdemeanor." N.Y. Penal Law § 215.50(3).

7

On May 16, 2013, Judge Ricigliano submitted a letter to the court indicating that while he had served his motion to dismiss upon Gregory on November 9, 2012, Judge Ricigliano had not yet received any opposition from Gregory. (May 16, 2013, Def. Ltr. (Dkt. 27).) Judge Ricigliano explained that counsel had left a message with Gregory to inquire about a possible opposition and that Gregory subsequently called to instruct defense counsel not to contact him again. (Id.) Accordingly, Judge Ricigliano filed his motion to dismiss and relevant accompanying materials in accordance with the court's order of September 28, 2012.

On May 30, 2013, the court sua sponte gave Gregory an additional 21 days in which to file a response to Judge Ricigliano's motion, noting that if Gregory again failed to file a timely response, the motion would be deemed unopposed. (May 30, 2013, Order (Dkt. 28).) Gregory did not file a response, so Judge Ricigliano's motion to dismiss is unopposed.

## II. STANDARD OF REVIEW

Dismissal for lack of subject matter jurisdiction is proper under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate" a case. Sokolowsky v. Metro. Transp. Auth., 723 F.3d 187, 190 (2d Cir. 2013) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000), citing Fed. R. Civ. P. 12(b)(1)). A plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. See Hamm v. United States, 483 F.3d 135 (2d Cir. 2007) (quoting Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002)). In deciding a motion under 12(b)(1), the court must construe all ambiguities and draw all inferences in favor of the plaintiff. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635 (2d Cir. 2005) (citing Makarova, 201 F.3d at 113; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Gregory is proceeding pro se. Therefore, his submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se complaint and other documents are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuch, 710 F.2d 90, 95 (2d Cir. 1983)). "Thus, the duty to liberally construe a defendant's complaint is not the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotations and alterations omitted).

"When, as here, a motion to dismiss is unopposed, the failure to oppose does not, by itself, justify dismissal." Simon v. N.Y.C. Dep't of Corr., 12-CV-8624 (JMF), 2013 WL 4792840, at *2 (S.D.N.Y. Aug. 29, 2013). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Goldberg v. Danaher, 599 F.3d 181, 184 (2d Cir. 2010). "Consequently . . . when deciding an unopposed motion to dismiss the Court must 'assume the truth of a pleading's factual allegations and test only its legal sufficiency.'" Simon, 2013 WL 4792840, at *2 (quoting McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000)).

### III. DISCUSSION

Judge Ricigliano has moved pursuant to Rule 12(b)(1) to dismiss Gregory's claims under 42 U.S.C. §§ 1983, 1985, and 1992, arguing that Gregory's Complaint is moot and that this court lacks jurisdiction. (Def. Mot. to Dismiss at 7.) For the following reasons, the court finds that it does not have jurisdiction over Gregory's Complaint, which is therefore dismissed in its entirety.

9

A.     **Declaratory and Injunctive Relief**

Gregory argues that Judge Ricigliano: (1) violated his right to a speedy trial under the Sixth Amendment and N.Y. Crim. Pro. Law § 30.30(1)(b) by denying his motion to dismiss the indictment on speedy trial grounds; and (2) violated his Eighth Amendment right against excessive bail by ordering that Gregory be detained pending psychiatric examination to determine whether Gregory was mentally fit to stand trial. (Compl. ¶¶ 4-6, 15-16.) Gregory seeks declaratory and injunctive relief, asking the court to stay Judge Ricigliano's orders pending completion of this action. (Compl. at 15.) Judge Ricigliano argues that Gregory's guilty plea and sentence in the state criminal case have mooted his claims in this action and that, therefore, they should be dismissed. (Def. Mot. to Dismiss at 7.)

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "When 'the parties lack a legally cognizable interest in the outcome of a case, the case is moot and federal courts lack jurisdiction over it.'" Feng Lin v. Holder, No. 12-CV-4245 (NGG), 2013 WL 3967296, at *3 (Aug. 1, 2013) (quoting Muhammad v. City of N.Y. Dep't of Corrections, 126 F.3d 119, 122 (2d Cir. 1997), quoting Los Angeles Cnty. v. Davis, 440 U.S. 625 (1979)). Such "jurisdiction, properly acquired, may abate . . . because (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Davis, 440 U.S. at 631 (1979) (internal quotation, citation, and punctuation marks omitted). "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Id.

Applying the above principles, courts have held that when a state court criminal defendant brings an action in federal court seeking to enjoin any part of the state criminal proceedings, the federal action becomes moot once the state criminal case proceeds to judgment. See Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (dismissing as moot a § 1983 claim seeking declaratory and injunctive relief for allegedly excessive bail where complainant was since convicted and sentenced in state court proceedings); Thorne v. Warden, Brooklyn House of Det. of Men, 479 F.2d 297, 298 (2d Cir. 1973) (dismissing as moot habeas corpus claim disputing legality of pre-trial detention where complainant was since convicted and sentenced in state court proceedings); Powell v. Galletta, No. 92-CV-3882 (FB), 1995 WL 432568 (E.D.N.Y. July 18, 1995) ("There is no longer a case or controversy because [defendant] ceased being a pretrial detainee . . . when the [state court] rendered a judgment convicting and sentencing him . . . .").

Specifically, a defendant's "claim to pretrial bail [i]s moot once he [i]s convicted. The question [i]s no longer live because even a favorable decision on it would not . . . entitle[] [a defendant] to bail. For the same reason, [a defendant] no longer ha[s] a legally cognizable interest in the result in this case . . . [where they] ha[ve] not prayed for damages nor had he sought to represent a class of pretrial detainees." Murphy, 455 U.S. at 481-82 (emphasis omitted); see also United States v. Dettelis, 372 F. App'x 105, 106 (2d Cir. 2010) ("[D]efendant's claims regarding his pretrial detention are made moot because he has completed his pretrial detention, as well as his prison sentence."); United States v. Akinola, 66 F. App'x 314, 316 (3d Cir. 2003) ("[Defendant] argues that his constitutional right to due process was violated when the court denied him bail during the pre-conviction proceedings. This claim is moot as a result of [defendant's] conviction."); Timbuktu v. Koch, 62 F. App'x 676, 678 (7th Cir. 2003) ("The complaint specifically requested that the court enjoin [the state prosecutor]

11

from prosecuting [the defendant] for obstructing an officer, but [the defendant] later pleaded guilty to the charge. Now that this criminal case is complete, [the defendant's] request to enjoin the proceedings is moot.").

Likewise, federal courts may not "issue a declaratory judgment that state officials violated federal law in the past when there is no ongoing violation of federal law." Green v. Mansour, 474 U.S. 64, 67 (1985); Marbley v. Bane, 57 F.3d 224, 232 (2d Cir. 1995), abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001) ("After dismissal of [plaintiff's] claims for prospective relief as moot, there was nothing left of her case but a claim for retrospective declaratory judgment and an injunction. Green forbids such a declaration, and there is therefore no reason to entertain [plaintiff's] claim for injunctive relief."); Nat'l R.R. Passenger Corp. v. McDonald, No. 12-CV-2731 (CM), 2013 WL 5434618, at *13 (S.D.N.Y. Sept. 26, 2013) ("The . . . effect of the declaratory relief . . . would be entirely retrospective because the state was no longer violating federal law, and [i]s therefore barred . . . .").

Here, Gregory's declaratory and injunctive relief claims are moot. Gregory filed this action while his state criminal case was still ongoing, asking this court solely for injunctive and declaratory relief ordering Judge Ricigliano to issue a stay, reversing Judge Ricigliano's orders, and setting bail in the state criminal case. (Compl. at 15.) In the interim, Gregory knowingly and voluntarily pleaded guilty to one count of second-degree criminal contempt under N.Y. Penal Law § 215.50(3), was sentenced to six months in prison, and, in light of time served, was released from custody on October 9, 2012. (Def. Mot. to Dismiss, Ex. E at 3-9; Vine at 1.) As a result, even if this court were to grant the requested injunctions, that relief would be of no assistance to Gregory.

Moreover, no exception to mootness applies here. The "capable of repetition, yet evading review" exception is inapposite as there is no "'reasonable expectation' . . . or 'demonstrated probability' that the same controversy will recur involving the same complaining party"—i.e., Mr. Gregory—now that his criminal case is over and incarceration completed. Murphy, 455 U.S. at 482; see also Independence Party of Richmond Cnty. v. Graham, 413 F.3d 252, 256 (2d Cir. 2005) ("[A] controversy is capable of repetition, yet evading review where both of the following two requirements are met: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."). Nor does the "voluntary cessation of unlawful conduct" exception apply; although Judge Ricigliano terminated Gregory's pretrial detention for psychiatric evaluation, now that Gregory's criminal case is over and incarceration completed, the allegedly unconstitutional detention cannot reasonably be expected to recur. See Erdheim v. C.I.R., 661 F. Supp. 2d 405, 410 (S.D.N.Y. 2009) (no mootness exception where the alleged harm cannot reasonably be expected to recur).

Finally, Gregory did not bring this action on behalf of a class. See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 394 (1980) ("If a class had been certified by the District Court, mootness of respondent['s] personal claim would not have rendered the controversy moot."); see also Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1530 (2013) (when "a district court certifies a class, 'the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by [the named plaintiff],' with the result that a live controversy may continue to exist, even after the claim of the named plaintiff becomes moot") (alterations in original) (quoting Sosna v. Iowa, 419 U.S. 393, 399-402 (1975)).

13

Simply put, Gregory no longer has an active case before Judge Ricigliano, there is no reasonable expectation that he will appear before Judge Ricigliano again—let alone be subjected to the same alleged constitutional violation—and Gregory does not represent a class. Accordingly, Gregory's claims are moot and this court does not have jurisdiction over Gregory's claims for relief under the Sixth and Eighth Amendments.

### B.   Impeachment

Gregory also asks the court to impeach Judge Ricigliano for the same alleged violations discussed above. (Compl. at 15.) Judge Ricigliano argues this court lacks the power to impeach or otherwise discipline a state court judge and that Gregory's complaint therefore should be dismissed. (Def. Motion to Dismiss at 7.)

The power to impeach or otherwise discipline state court judges rests not with this court, but rather the New York State Commission on Judicial Conduct (the "Commission"). See La Scalia v. Driscoll, No. 10-CV-5007 (SLT), 2012 WL 1041456, at *8 (E.D.N.Y. Mar. 26, 2012) ("This Court also lacks the power to 'impeach' or otherwise discipline [New York] state-court judges.").

Under New York State law, "*a commission on judicial conduct* . . . [has the power to] receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform or performance of official duties of any judge or justice of the unified court system . . . [and] may determine that a judge or justice be admonished, censured or removed from office for cause, including, but not limited to, misconduct in office, persistent failure to perform his or her duties . . . and conduct, on or off the bench, prejudicial to the administration of justice. . . ." N.Y. Const. art. VI, § 22(a) (emphasis added); see also N.Y. Judiciary Law § 44(7) ("After a hearing, *the commission* may determine that a judge be admonished, censured,

14

removed or retired.") (emphasis added); N.Y. Judiciary Law § 44(1) ("*The commission* shall receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform, or performance of official duties of any judge, and . . . may determine that a judge be admonished, censured or removed from office for cause, including, but not limited to, misconduct in office, persistent failure to perform his duties . . . and conduct, on or off the bench, prejudicial to the administration of justice . . . .") (emphasis added). "In reviewing a determination of *the commission* on judicial conduct, *the [New York State] court of appeals* may admonish, censure, remove or retire . . . any judge of the unified court system." N.Y. Const. art. VI, § 22(d) (emphasis added).

Thus, even if this court were inclined to sanction Judge Ricigliano—which it is not—it lacks the authority to do so. See La Scalia, 2012 WL 1041456, at *8. That power rests with the Commission and the Commission alone. See N.Y. Const. art. VI, §§ 22(a), (d); N.Y. Judiciary Law §§ 44(1), (7). Accordingly, to the extent that Gregory believes that Judge Ricigliano's actions violated ethical rules, he must pursue his remedies via the Commission—not through litigation before this court, which does not have jurisdiction over his claim. Id.

## IV. CONCLUSION

For the reasons set forth above, Judge Riciglianos's motion to dismiss Gregory's Complaint is GRANTED, and Gregory's Complaint is DISMISSED for lack of jurisdiction. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 8, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

15